**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AJAY KUMAR,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | Case No. 1:26-cv-06990-JLT-EPG<br>A-Number: 245-113-936<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Ajay Kumar's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting that Petitioner is subject to the mandatory pre-order detention statute pursuant to 8 U.S.C. § 1225(b)(2)(A). (*See generally,* Doc. 7.) Thus, for the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is from India. He entered the United States without inspection on or about August 14, 2023, at or near Lukeville, Arizona. (Doc. 1 at 5, ¶¶ 19-20; Doc. 7 at 16.) On August

15, 2023, Petitioner was issued a Notice to Appear, charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 1-3 at 2.) DHS thereafter released Petitioner pursuant to conditions of supervision, including Alternatives to Detention ("ATD") monitoring and regular ICE check-ins. (Doc. 1 at 5, ¶ 22.)

Following his release from detention, Petitioner timely filed a Form I-589, Application for Asylum with the immigration court, established communities ties in the United States, and maintained a clean criminal record. (*Id*. at 6, ¶¶ 24-27.) On August 30, 2026, Petitioner was taken into custody when he appeared for an ICE check-in appointment. (*Id*. at ¶ 32.) At the time of his detention, records revealed that Petitioner had four ATD/ISAP violations, including three missed biometric check-ins on April 23, 2025, September 17, 2025, and March 11, 2026, as well as one missed in-person office visit on July 8, 2026. (Doc. 7 at 16-18.) In his reply, Petitioner acknowledges that that he was unable to physically appear at the scheduled July 8 appointment because of a work commitment but explained that he had contacted his deportation officer who then allowed him to report the following day. (Doc. 8 at 5.) Petitioner alleges that he presented himself at the ICE offices on July 9, 2026, and that ICE did not inform him that his July 8 absence was being treated as a violation. (*Id*.) Petitioner is currently detained at Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 4.)

On September 1, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (*See* Doc. 1 at 16-24.) Petitioner requests immediate release or, in the alternative, for the Court to order Respondents to provide him with a bond hearing. (*Id*. at 27.) Respondents filed an opposition on September 8, 2026, in which they argue that Petitioner failed to exhaust his administrative remedies by not requesting a bond hearing before the immigration court or, in the alternative, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 7.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack

by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (*See* Doc. 1 at 16-24.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

### A. Exhaustion

In their motion to dismiss, Respondents contend that because Petitioner did not request a custody redetermination pursuant to 8 CFR § 1003.19, he failed to exhaust his administrative remedies before bringing this action because Petitioner has not filed a request bond hearing. (Doc. 7 at 2-3.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative

proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the prudential exhaustion requirement should be waived.

**B. Remedy**

Respondents maintain the position that Petitioner's detention is governed by expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (Doc. 7 at 3-4.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes Petitioner is re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Considering Petitioner's multiple ATD violations, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. To the extent that Petitioner disputes Respondents' characterization of Petitioner's ATD violations, such a factual conflict is best addressed by an immigration judge. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.
2. The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

7. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 14, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE